(Franklin County Court of Common Pleas.)

THE STATE OF OHIO Plaintiff, v. JOHN L. GEYER, Defendant.

---

1. It is a crime for a member of the legislature to solicit money from another for himself, or any other member of the legislature to influence his official action.

2. The State was not required to prove that he solicited it for his own use, or that any money was, in fact, paid to him, or that the money solicited was the sole consideration or inducement for the exertion of his official action.

3. Asking other members of the legislature to support bills and resolutions, collecting and presenting facts and reasons to them, and making arguments, to induce such other members to support bills and resolutions, constitute ''official action,'' and the exercise of ''official duty'' by a member of the legislature.

### CHARGE OF THE COURT.

Gentlemen of the Jury:

The defendant, John L. Geyer, was indicted by the grand jury. The indictment charges that while he was a member of the Legislature, he committed the crime of soliciting a bribe. To that indictment he has pleaded not guilty, and thus the charge in the indictment, with his plea thereon, presents for your determination, under the rules of law, the issue now on trial.

Your duty is to decide the questions of fact, including the credibility of the witnesses and the weight to be attached to their testimony. The principal question, as you can see, is whether the defendant is innocent or guilty of the crime charged against him.

It is my duty to decide, and instruct you upon, all the questions of law, and the instructions on those points it is your duty to obey without dissent or reservation.

In the performance of that duty I will have to inform you what the crime is that is charged, what facts had to be proved to make the defendant guilty, to eliminate and present the true points of inquiry, and to advise you briefly how you may weigh the testimony.

The burden of proving the defendant's guilt rested upon the state.

The prima facie presumption is that he is innocent, and that presumption holds good till his guilt is established. To authorize you to return a verdict against him, his guilt, including every fact necessary to constitute that guilt, had to be proved by evidence which excludes from your minds every reasonable doubt.

A greater degree of mental conviction is required in criminal cases than in civil cases.

If you have a reasonable doubt of his guilt, he is entitled to the benefit of that doubt, and an acquittal. But this rule does not signify that the degree of satisfaction and certainty of his guilt which you are required to have to authorize you to convict, must be absolute conviction or certainty. The law only requires that you shall be reasonably and morally satisfied of his guilt. By a reasonable doubt is not meant a strained or whimsical conjecture, but an actual mental hesitation caused either by insufficient or unsatisfactory evidence. A doubt, to justify the defendant's acquittal, must be reasonable, just as the law says; and it must arise from a candid and impartial investigation of all the evidence. It does not mean, as one of the counsel argued, any doubt. I repeat that it means a reasonable doubt.

You have no right to go beyond the evidence to hunt up doubts.

A doubt produced by undue sensibility in your minds and caused by viewing the consequences of a verdict of guilty is not a reasonable doubt.

If, after considering all the evidence, you can say that you have an abiding conviction of the defendant's guilt, you are satisfied beyond reasonable doubt; but, if you do not have such a conviction, then you have a reasonable doubt.

Now, what is the offense charged against the defendant? It is charged that he solicited from William F. Burdell a valuable thing, money. The amount named in the indictment, is $400.00. But the exact amount is not material or important. He was then a member of the legislature, of the Senate, and it is charged that in soliciting the money of Burdell he was actuated by the corrupt intent that it should influence his official action, vote, opinion and judgment as a member of the legislature concerning a certain bill then pending in the Senate, the design of which was to authorize the Probate Court to appoint Trust and Safe Deposit Companies, administrators and guardians.

For the purpose of this case it is unnecessary to give any further explanation of the bill.

The law of the State of Ohio makes it a crime for a member of the legislature to solicit from any person any valuable or beneficial thing to influence him with respect to his official duty, or to influence his action, vote, opinion or judgment, in any matter pending or that might legally come before him. The defendant is accused of violating that law; and whether he is guilty or innocent is the question for you to decide.

To make out the truth of the charge in the indictment, the state was not obliged to prove that even a cent of money was paid to him by, or that he accepted or received a cent of money from, Burdell.

The payment of the money is not an element of the crime that is charged against him.

The question is, Did he solicit money, Did he ask for money? Did he invite Burdell to give him money?

The question is not whether the money was paid to him.

It is also true, an it is the law, Gentlemen of the Jury, that the State was not required to prove that the defendant either desired or solicited it, or asked for it, or invited Burdell to give or pay him money; the fact that it does not appear that he wanted it for his own use, or intended to use it for his own purposes, is a matter of no importance whatever.

If he solicited it, or asked for it, or invited Burdell to give or pay it to him then the question is, Was it intended by him that it should influence him with respect to his official duty, or to influence his action, vote, opinion or judgment, as a senator, concerning said bill?

Again, I charge you that it was not incumbent upon the State, in making out its case, to prove that the solicitation, invitation, or asking for the money, if that is proved, was the only consideration that was to influence him with respect to his official duty, or his action, vote, opinion or judgment relative to the bill.

He may have been influenced by his own convictions concerning the bill to support it; but, if it has been proved, beyond a reasonable doubt, that he solicited, or asked for money from Burdell, or that he invited Burdell to give or pay him money, with the view of influencing himself in the discharge of his official duty, or to influence his action, vote, opinion or judgment in relation to the bill, the fact that he had been, or was to be, influenced also by his convictions or sentiments concerning the bill constitutes no defense. The law did not demand from the State proof that the solicitation, request or invitation for the money was the sole inducement to any action that the defendant adopted, or was about to adopt, or any vote that he had cast or was about to cast, or any opinion or judgment that he had formed or expressed, or was about to form or express, concerning the bill. Another question of law is, what do the terms "official duty" and action—terms used by the law—mean? What do they include? The term "vote," "opinion" and "judgment," terms also used by the statute, are plain and need no explanation.

But forming or expressing an opinion or judgment in favor of or against this bill, and voting for or against the bill, were not all the acts that the defendant, as a member of the Senate, could officially do, or refrain from doing, in relation to it. As a member of the legislature it was competent for him to ask, to induce, other members to vote for it, and to collect facts and reasons and present them to other members for the purpose of inducing them to vote for or against the bill. That would be official action, official duty.

As a member of the legislature he had no right or authority, under the bribery law, or any other law appertaining to his official position, to solicit or ask from any one, or to invite any one to give or pay him, one cent of money, either for himself or any other member of the legislature, as consideration for the exertion by him of any of the official actions which I have explained.

Whatever he did, or was intending to do on these lines, in any of those particulars, he was bound to do as the representative of the public, and he had no right to be influenced by any valuable or beneficial thing, except his salary which was provided for by law. That was his position. That was his obligation.

Now, if you are satisfied beyond a reasonable doubt, by the evidence, that the defendant solicited from Burdell, or asked or invited him to give or pay him money and that he intended to pay it to other members of the legislature to induce them to support the bill, that was a crime, a violation of the bribery statute, and you should, in that case, find him guilty. On the other hand, if you find that he did not do that, you should acquit him.

Only three witnesses testified to the main, the alleged criminating facts in the case, Burdell and Sharp, witnesses for the State, and the defendant. One of the questions which you will have to decide is, whether you will believe the witnesses for the State or the defendant. There is a sharp and direct conflict between their testimony.

Just as all reasonable men in the ordinary walks of life do, you may in this case judge of the testimony of each witness by the manner in which it was given; the opportunity which he had to know the facts about which he testified; the consistency of his testimony with itself, and with all the known or otherwise fully proven facts of the case; and the feeling or bias which he has shown, if any.

You must pass upon the amount of credit you will attach to every fact. That requires you to look at the testimony of each witness in its own light and in the light of the other evidence, and determine whether it is reasonable and probable, or unreasonable and improbable.

In weighing the evidence of these witnesses you may also consider whether either of them has an interest in the case, or an interest in the result of it, in your verdict. Does the evidence show that either of the witnesses for the State has any interest in the conviction of the defendant? or does it show that they were disinterested?

Has the defendant an interest in your verdict? Excepting the interest in his life, can he have any higher interest than that which he has in his own liberty?

Man have been influenced, biased, as witnesses, by their interest in the cases in which they have testified. Witnesses have even been induced to swear falsely by the interest which they had in the result of the case in which they testified. It is for you to say whether any of the witnesses in this case have been influenced or biased in giving their testimony, by any interest in it, or its result.

A wise rule which jurors may adopt for their guidance, when there is a conflict between the testimony of witnesses, is to give the preference to the testimony of that witness, or those witnesses, who have the least inducement from interest, or other motives, to testify falsely.

If either of the witnesses for the State testified that the defendant said it would be necessary to see certain members of the legislature to get them to vote for the bill and that he would see them, what that meant is a question for your solution. Apply your intelligence and common sense in deciding it.

It would be strange, if, in a case like this the anxiety and zeal of the attorneys should not present to your minds topics which have no pertinence to the issue on trial and no appropriateness in the consideration of "upright, law-respecting and oath-respecting jurors. Such incidents are so usual in criminal trials that one ceases to be startled at their presentation, and yet they are

gravely injurious to the cause of law and justice.''

I allude to indirect or direct appeals to the sympathy and commiseration of the jury, to pathetic allusion to the poverty of the defendant.

In a case like this you have a stern duty to perform, and in its performance you have no right to be moved by appeals to the tender emotions of your human nature or by sympathy for anybody.

Certainty, regularity and firmness in the administration of the law by courts and juries are of the highest importance. But it is impossible to have such certainty, regularity and firmness when juries are moved by appeals to the tender emotions of human nature, to the distress of the unfortunate, to sympathy for the helpless, or like considerations.

I say this not to impress you with anything save this, and that is the "solemn and exalted public duty for which you have been selected and designated by the machinery of the law.'' The duty is as much due to the defendant as to the public.

An argument against the wisdom and justice of the law which was contemplated by the bill and was to give the probate court power to appoint Trust and Safe Deposit Companies administrators and guardians was urged upon your attention. That is a matter wholly foreign to the merits of the case, as disclosed by the evidence. It is no part of your province and duty to inquire into the wisdom or justice or merits of the law sought to be enacted by the bill. This trial in no way involves the policy or impolicy, the wisdom or justice of the contemplated law. Therefore, in the consideration of the case upon its merits, you should not allow any of the suggestions of counsel touching the wisdom or justice of the law to have any weight or influence upon your minds. Let them be laid aside as ideas wholly foreign to the issue to be considered and decided.

You must answer the question whether the defendant is innocent or guilty upon the evidence as it was given here from that chair, and according to the law as it is given to you in this charge. It is your inflexible duty to carefully consider the evidence and follow it regardless of consequences. What penalties might be visited upon the defendant in case he is found guilty you are not to consider. You simply pronounce upon that question whether the defendant is innocent or guilty. If he is guilty, he is responsible for it, and not you. If he is innocent, then your verdict should be a shield to him at this time.

Dyer, Williams & Howard, Prosecuting Attorney and his assistants, for the State.

L. B. Tussing for defendant.